IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 4:18-CR-00285 |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| WESLEY MARK SMITH | : | (Electronically Filed) |

## BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE UNDER FEDERAL RULES OF EVIDENCE 402 and 403

By Indictment filed August 21, 2018, Wesley Mark Smith, was charged with assault with intent to commit murder, in violation of 18 U.S.C. §7(3) and 113 (Count 1); assault with a dangerous weapon, with intent to do bodily harm, in violation of 18 U.S. C. §7(3) and 113(a)(3) (Count 2); and assault resulting in serious bodily injury in violation of 18 U.S.C. §7(3) and 113(a)(6) (Count 3).

Trial in this matter is scheduled for March 9, 2020. Mr. Smith filed a request for pre-trial notice of any other crimes, wrongs or acts evidence the government intends to introduce at trial pursuant to Federal Rule of Evidence 404(b). The Government has thus far not given any notice of 404(b) Evidence they plan to introduce.

The discovery provided to counsel contains the following objectionable items which should be excluded from trial because they are irrelevant, unfairly prejudicial, misleading and confusing:

a) Frailty or any evidence of any medical condition of Michael Guibilo. The Government has provided expert notice and discovery that Dr. Buschman examined Mr. Guibilo in the past and found him to be "frail". Such evidence should be excluded from trial because it is not relevant to any element of the offense, and it would be unfairly prejudicial, misleading and confusing, in violation of F.R.E. 402 and 403.

b) The Government has provided counsel with a report of a statement allegedly made by Wesley Smith to Lt. L. Engle. During that questioning, Lt. Engle makes a statement to Mr. Smith: "So you crushed that old man."

This is not a statement of Wesley Smith and therefore, it is not relevant. Also, the characterization by Lt. Engle of what happened in the cell is inaccurate, unfairly prejudicial, misleading and could confuse the jury in violation of F.R.E. 402 and 403.

# ARGUMENT

## I. THE UNFAIR PREJUDICE TO WESLEY SMITH BY INTRODUCTION OF THE CONTESTED EVIDENCE SUBSTANTIALLY OUTWEIGHS ITS PROBATIVE VALUE.

The Government has provided discovery which indicates they may attempt to introduce evidence in their case-in-chief of the alleged frailty or any other medical condition, of Michael Guibilo and of the statement made by an SIS officer to Mr. Smith during questioning. This Honorable Court must engage in a determination under Rule 402 and 403 as to whether the evidence is relevant and whether the potential for unfair prejudice outweighs the probative value of the proffered evidence. Rule 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.

The purpose of performing this balancing test is to protect the defendant from unfair prejudice. In performing this balancing test, "the trial judge must appraise the genuine need for the challenged evidence and balance that necessity against the risk that the information will influence the jury to convict on improper grounds." *United States v. Scarfo*, 850 F.2d 1015, 1019 (3d Cir. 1988); *see also, United States v. Craig*, 1:06-CR-0219 (M.D. Pa. Oct. 11, 2006)(Conner,

J.)(weighing the genuine need for the evidence and finding that the probative value of the defendant's prior conviction for Ebay fraud and related conduct was substantially outweighed by the danger of unfair prejudice).  If the government's purpose can be established by other means, or is unnecessary, the prior conduct evidence is cumulative and therefore inadmissible.  *United States v. Hans*, 738 F.2d 88, 95 (3d Cir. 1984)(no genuine need to prove defendant's previous association with bank robber other than improperly to suggest criminal propensity). If the relevance of the evidence is marginal, it should not be admitted.  *United States v. Schwartz*, 790 F.2d 1059, 1062 (3d Cir. 1986).  Finally, the trial court must evaluate the strength of the evidence in proving the issues sought to be proven against the danger that the jury will become inflamed.  *United States v. Cook*, 538 F.2d 1000, 1003 (3d Cir. 1976).

In this case, the evidence of frailty or any other medical condition of Michael Guibilo and the statement by government agent during questioning are highly likely to inflame, confuse and mislead the jury and cause it to convict Wesley Smith on the basis of that evidence, a clearly improper basis. Rules 402 and 403 were specifically drafted to prevent such misuse of evidence.

Next, the court must balance the unfair prejudice with the probative value and the genuine need for the evidence.  *See United States v. Mathis*, 264 F. 3d 321 (3d Cir. 2001). Herein, the Government has no "genuine need" for this evidence.

The government must not be allowed to smear Mr. Smith with claims of abuse of an old man particularly when the "old man" was a violent mob enforcer, bully, bank robber and habitual liar. Also, the questions of the SIS officer are irrelevant, an unfair characterization of the incident, misleading and have a potential to confuse and inflame the jury. The prejudicial impact of the introduction of such evidence substantially outweighs its probative value.

## CONCLUSION

For all the foregoing reasons, Mr. Smith respectfully requests that this Honorable Court exclude the above mentioned evidence pursuant to F.R.E. 402 and 403.

Date: January 17, 2020

*/s/ Thomas A. Thornton*
THOMAS A. THORNTON, ESQUIRE
Assistant Federal Public Defender
Attorney ID #PA44208
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
<thomas_thornton@fd.org>
*Attorney for Wesley Smith*

## CERTIFICATE OF SERVICE

I, Thomas A. Thornton, Esquire, of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **Brief in Support of Motion *in Limine* to Exclude Evidence Under Federal Rules of Evidence 402 and 403**, via Electronic Case Filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

>   TODD HINKLEY, ESQUIRE
>   *Todd.hinkley@usdoj.gov*
>
>   WESLEY SMITH

Date:  January 17, 2020          */s/ Thomas A. Thornton*
                                 THOMAS A. THORNTON, ESQUIRE
                                 Assistant Federal Public Defender
                                 Attorney ID #PA44208
                                 100 Chestnut Street, Suite 306
                                 Harrisburg, PA 17101
                                 Tel. No. (717) 782-2237
                                 Fax No. (717) 782-3881
                                 <thomas_thornton@fd.org>
                                 *Attorney for Wesley Smith*